**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| VICTOR CHARLES FOURSTAR, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:06-cv-916-DFH-WTL |
| | ) | |
| J.L. VIDRINE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Motion for Summary Judgment**

This is a *Bivens* action brought by Victor Fourstar ("Fourstar"), who was confined at the United States Penitentiary at Terre Haute ("USPTH") from April 1, 2005, until June 28, 2006.[1]  See *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971). Fourstar claims that while at the USPTH he was denied constitutionally adequate dental care and that this denial violated his Eighth Amendment right to be free from cruel and unusual punishment. As a result of prior proceedings, the claims which remain for resolution are asserted against Dr. Shepherd and Dr. Vidrine. Fourstar seeks an aggregate of 20 million dollars in punitive, compensatory, determinate, and cosmetic damages.

The defendants have appeared by counsel, have filed an answer to the complaint, and seek resolution of Fourstar's claim against them through the entry of summary judgment.

Whereupon the court, having read and examined the pleadings, the motion for summary judgment and the response thereto, as well as the evidentiary record on which such motion is based, and being duly advised, finds that the defendants' motion for summary judgment must be **granted.** This conclusion is based on the following facts and circumstances:

1.      "Summary judgment is appropriate where the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Westra v. Credit Control of Pinellas,* 409 F.3d 825, 827 (7th Cir. 2005) (quoting Rule 56(c) of the Federal Rules of Civil Procedure). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.*

---

[1] Fourstar is presently confined at the USP Atlanta, in Atlanta, Georgia, a federal prison operated by the Bureau of Prisons ("BOP").

a.      "A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and . . . demonstrat[ing] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party successfully carries his burden, the non-moving party must "go beyond the pleadings" and present specific facts which show that a genuine issue of material fact exists. *Id.* at 324.

b.      Although Fourstar has included his affidavit in support of his opposition to the motion for summary judgment, that affidavit consists for the most part of his conclusory statements, his legal opinion, and his speculation as to what additional or different care the defendants could have provided. As to these statements, the affidavit is not sufficient to establish a genuine issue of fact, for "[t]he object of [Rule 56(e)] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan v. National Wildlife Federation,* 497 U.S. 871, 888 (1990). "The nonmovant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002)(internal quotation and citation omitted). Assertions based on speculation or conjecture do not withstand summary judgment. *Stagman v. Ryan,* 176 F.3d 986, 995 (7th Cir.). In addition, Fourstar mentions claims which have already been dismissed, but he does so to no avail. First of all, the dismissal of legally insufficient claims was mandatory pursuant to 28 U.S.C. § 1915A(b). *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002). Secondly, Fourstar has shown no sound basis on which the dismissal of such claims could be reconsidered. See *Patel v. Gonzales* 442 F.3d 1011, 1015-1016 (7th Cir. 2006)("A motion to reconsider asks that a decision be reexamined in light of additional legal arguments, a change of law, or an argument that was overlooked earlier . . . .").

2.      *Bivens* "authorizes the filing of constitutional tort suits against federal officers in much the same way that 42 U.S.C. § 1983 authorizes such suits against state officers." *King v. Federal Bureau of Prisons,* 415 F.3d 634, 636 (7th Cir. 2005). Claims asserted under a *Bivens* theory are brought pursuant to subject matter jurisdiction conferred by 28 U.S.C. § 1331, which provides that "[t]he District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." A prerequisite to maintaining an action under §1331 is that the plaintiff "must allege a violation of the United States Constitution or a federal statute." *Goulding v. Feinglass,* 811 F.2d 1099, 1102 (7th Cir. 1987). Without a predicate constitutional violation, one cannot make out a *prima facie* case under a *Bivens* theory. *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992).

3.      The claim that Fourstar is pressing here--denial of medical services under the Eighth Amendment--has two essential elements. First, there must be a deprivation of medical treatment serious enough to amount to a "denial of 'the minimal civilized measure of life's necessities.'" *Farmer v. Brennan,* 511 U.S. 825, 834 (1994) (quoting *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981)). Second, the officials who deny the prisoner medical care must have acted with "deliberate indifference." *Id.* (quoting *Wilson v. Seiter,* 501 U.S.

294, 302-03 (1991)); *Estelle v. Gamble,* 429 U.S. 97 (1976). Deliberate indifference requires a showing that the official was actually aware of a serious risk yet failed to take any action. See *Whiting v. Marathon County Sheriff's Dep't,* 382 F.3d 700, 703 (7th Cir. 2004); *Jackson v. Ill. Medi-Car, Inc.,* 300 F.3d 760, 765 (7th Cir. 2002).

> The inquiry into deliberate indifference is a subjective one that asks whether "the prison official acted with a sufficiently culpable state of mind." *Walker v. Benjamin,* 293 F.3d 1030, 1037 (7th Cir. 2002) (citation omitted). A prison official has a sufficiently culpable state of mind when the official "knew of a substantial risk of harm to the inmate and acted or failed to act in disregard of that risk." *Id.* (citation omitted).

*Norfleet v. Webster,* 439 F.3d 392, 396 (7th Cir. 2006). Under this standard, a plaintiff must show that prison officials were actually aware of a problem that was either diagnosed by a doctor or obvious enough that a reasonable lay person would realize a doctor's care was necessary. *Wynn v. Southward,* 251 F.3d 588, 593 (7th Cir. 2001). Deliberately denying dental care and causing the loss of a tooth states a claim. See *Board v. Farnham,* 394 F.3d 469, 479-80 (7th Cir. 2005).

4.     Even construing the facts in the manner most favorable to Fourstar as the non-movant, there has been no Eighth Amendment violation here.

a.     Dr. Shepherd is the Deputy Chief Dental Officer at the USPTH. Dr. Shepherd has never treated Fourstar nor seen him in connection with any issues relevant to his teeth. The consequence of this is that Dr. Shepherd did not have the personal involvement in any decision regarding Fourstar's dental care at the USPTH which is necessary to support a finding of liability under a *Bivens* theory. *Black v. United States,* 534 F.2d 524, 527-28 (2d Cir. 1976) (concluding that *Bivens* claims, like suits under § 1983, must allege direct and personal responsibility for the unlawful conduct of subordinates); see also *Del Raine v. Williford,* 32 F.3d 1024, 1047 (7th Cir. 1994)(*respondeat superior* cannot be the basis of a *Bivens* claim, there must be individual participation and involvement by the defendant).

b.     Fourstar had a series of appointments for dental treatment and other services at the USPTH. On May 4, 2004, Fourstar had a comprehensive dental exam. A treatment plan was assembled, which included: (1) a notation that tooth #5 had root canal therapy and a permanent amalgam filling in place; (2) a plan to place a filling in tooth #8; and (3) a plan to make a removable partial denture to replace missing teeth #9 and #10. On May 7, 2004, Fourstar was seen for a routine dental visit, at which time a filling was placed in tooth #8. Impressions were made to make an upper partial denture on June 25, 2004, and the upper partial denture was delivered on August 18, 2004. On August 23, 2004, Fourstar went to dental sick call, complaining that a broken filling was loose, but that he had no pain. An examination showed that he had fractured tooth #5. A periapical x-ray revealed bone loss on #5 at the site of the fracture. The tooth was not salvageable, but Fourstar was not in pain and wanted to think about whether he wanted to have the tooth removed. An

interim temporary restoration was placed, and he was rescheduled within seven days to either have #5 extracted or sign a refusal of treatment form. On August 31, 2004, Fourstar was reevaluated and agreed to have #5 removed. On September 10, 2004, Fourstar executed a signed consent to have #5 removed. After it was removed, and following a period of healing, tooth #5 was added to his partial upper denture.

c.      Dr. Vidrine provided the dental services just described, together with the assessments and interpretations associated with those services. A court examines the totality of an inmate's medical care when determining whether prison officials have been deliberately indifferent to an inmate's serious medical needs. *Reed v. McBride,* 178 F.3d 849, 855 (7th Cir. 1999). The most which is established here is that Fourstar had serious dental needs over a period of time and that Dr. Vidrine exercised his professional judgment concerning Fourstar's condition and treatment. The evidentiary record negates the presence of the subjective state of mind required to show deliberate indifference, *i.e.,* that Dr. Vidrine was "subjectively aware of [Fourstar's] serious medical needs and disregarded an excessive risk that a lack of treatment posed to his health or safety." *Wynn,* 251 F.3d at 593.

d.      There is no feature of the record, relating to either the administrative matters or the direct patient care provided to Fourstar, which supports a conclusion that the professional judgments concerning Fourstar's condition and treatment were "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible did not base the decision on such a judgment." *Estate of Cole v. Fromm,* 94 F.3d 254, 262 (7th Cir. 1996), *cert. denied,* 519 U.S. 1109 (1997). Similarly, the record does not show that the defendants either ignored Fourstar's requests for dental care or delayed their responses to those requests in a manner which was detrimental to Fourstar. This, then, is fatal to Fourstar's claim of deliberate indifference in relation to dental care while confined at the USPTH.

e.      While incarcerated, Fourstar was not entitled to the best possible care nor to receive a particular medication of his choice, see *Forbes v. Edgar,* 112 F.3d 262, 267 (7th Cir. 1997), and "[a] difference of opinion as to how a condition should be treated does not give rise to a constitutional violation." *Garvin v. Armstrong,* 236 F.3d 896, 898 (7th Cir. 2001). There was no systemic breakdown of medical care for Fourstar while at the USPTH and nothing approaching deliberate indifference by either of the defendants.

5.      The defendants' alternative argument in their motion for summary judgment is equally compelling in the circumstances of this case.

a.      Each defendant is a commissioned officer of the Public Health Service ("PHS").  Each defendant was acting within the scope of his employment as a PHS employee with respect to Fourstar's claims against him in this action.

b.    The Public Health Service Act provides that an action against the United States under the Federal Tort Claim Act ("FTCA") is the exclusive remedy

> for personal injury, including death, resulting from the performance of medical, surgical, dental or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment.

42 U.S.C. § 233(a). Thus, the FTCA is the exclusive remedy for injury relating to PHS officers' performance of medical functions within the scope of their duties. *Cuoco v. Moritsugu,* 222 F.3d 99, 107 (2d Cir. 2000).

c.    Based on § 233(a) of the Public Health Service Act, therefore, Dr. Shepherd and Dr. Vidrine are immune from the claims Fourstar asserts against them in this case. This immunity entitles them to summary judgment.

d.    The court cannot reshape Fourstar's claim into one pursuant to the FTCA in this case. On August 16, 2006, Fourstar's claim pursuant to the Federal Tort Claims Act was dismissed because the United States was not named as a defendant. The only proper defendant in an action pursuant to the Federal Tort Claims Act is the United States itself, *Hughes v. United States,* 701 F.2d 56, 58 (7th Cir. 1982), and "even pro se litigants are masters of their own complaints and may choose who to sue-or not to sue." *Myles v. United States,* 416 F.3d 552 (7th Cir. 2005).  Plaintiff had ample opportunity to name the United States as a party, including in the amended complaint that the court directed him to file.  He did not do so.

6.    On summary judgment, "a complete failure of proof concerning an essential element of the [nonmovant's] case necessarily renders all other facts immaterial." *Lewis v. Holsum of Ft. Wayne, Inc.,* 278 F.3d 706, 709 (7th Cir. 2002) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986)).  That is the case here with respect to the *Bivens* claims against the defendants, and those claims themselves are defeated by the immunity conferred by § 233(a) of the Public Health Service Act. "Summary judgment is not a discretionary remedy. If the plaintiff lacks enough evidence, summary judgment must be granted." *Jones v. Johnson,* 26 F.3d 727, 728 (7th Cir. 1994), *judgment aff'd., Johnson v. Jones,* 515 U.S. 304 (1995).The defendants' motion for summary judgment is **granted.**

So ordered.

_____
DAVID F. HAMILTON, Judge
United States District Court

Date:   9/21/2007